HEARD NOVEMBER TERM, 1873.

PICKETT vs. LYLES.

A demandant in dower may, it seems, give in evidence the contents of a deed by which the land was conveyed to her husband without such full proof of loss as is required in actions to try the title.

Neglect of husband to record his deed does not deprive his widow of her right of dower as against a subsequent purchaser at Sheriff's sale without notice.

BEFORE COOK, J., AT CAMDEN, SEPTEMBER TERM, 1873.

This was a petition for dower by Mary A. Lyles, widow of James V. Lyles, deceased, against Susan R. Pickett, executrix of John R. Pickett, deceased, and others, brought before the Circuit Court by appeal from the Court of Probate.

The issue was as to the *seizin* of the petitioner's husband, and it was submitted to a jury.

The petitioner gave evidence tending to show that, during the

coverture, James V. Lyles purchased the land in which dower was claimed from John J. Nelson ; that he entered into possession and held it for two years; that he then bargained the land to W. L. Pickett, who, finding that Nelson's deed to Lyles was not recorded, induced the former, with Lyles' consent, to execute a deed of conveyance of the land to him; and that the land was sold by the Sheriff under execution against W. L. Pickett and purchased by John R. Pickett, to whom the Sheriff conveyed the same, and whose conveyance was duly recorded.

The plaintiff then called John R. Lyles, her son, who testified that the deed of conveyance from John J. Nelson to James V. Lyles was in his mother's possession after his father's death ; that his mother was administratrix of his father; that he and his mother had made repeated searches for the deed since the war, but were unable to find it; and that he believed it was distroyed, with all his father's papers, during Sherman's raid.   Upon this evidence John J. Nelson was allowed to testify against defendant's objection, that he conveyed the land by deed to James V. Lyles during the coverture, and that the deed was properly executed.

His Honor declined, at the request of defendant's counsel, to charge the jury "that the unrecorded deed of Nelson to Lyles was not sufficient to entitle the petitioner to recover against the purchaser at Sheriff's sale, unaffected with notice, and whose deed was properly recorded in due time," and charged that if the jury believed the testimony of Nelson, that he had conveyed the land to Lyles, and, if they further believed that W. L. Pickett had notice of the deed when he purchased, they should find for the petitioner.

The jury found for the petitioner, and the defendants appealed.

*Kershaw,* for appellants.

*DePass,* contra.

June 9, 1874.   The opinion of the Court was delivered by

WRIGHT, A. J.   There are two questions raised by the appeal. The first alleged error on the part of the Circuit Judge in receiving parol èvidence of the execution and contents of the deed from J. J. Nelson to James V. Lyles.   The second, in holding that the said deed, although unrecorded, was sufficient to enable the petitioner to recover against the purchaser of the land at Sheriff's sale, whose deed had been duly recorded.   In the application of the principles

of law the character of the action is not to be lost sight of. The demand here was for dower, and the rules which govern and regulate a claim of that nature are not of the exacting kind which pertain to an action of trespass to try title.

There the plaintiff must recover by the force of his own title, while the defendant may protect himself by showing an outstanding title in another; here the right of the widow will prevail, though the husband, during the converture, had only a *seizin* in law, though he may have none in deed.—Coke on Lit., 31.

Where a party seeks to recover land he must show a regular title, beginning with a grant, (or its equivalent,) followed by conveyances which vest the right in him. If a deed constituting a link in his chain of title cannot be produced, he must first prove its loss, and then show its contents by such testimony as the rules of evidence allow. The loss in this case was not sufficiently established without the testimony of the respondent, in whose charge the deed was alleged to have been, and it was necessary that it should have been, before evidence of its execution and contents could be offered. In this action, however, the right of the plaintiff did not rest on the production of the paper. It was not indispensable to her recovery, and by law she was not the custodian of it. A current of decisions in this State has held that, as the " demandant in dower claims by act of law, her right may be established without the deeds on which the title of her husband may have depended, as she had not the property in them." The authorities are so full, to the effect " that a demandant in dower need not make out ·a regular chain of title in her husband that it is sufficient for her to show he had been in possession during the coverture, and it is then incumbent on the defendant to show a paramount title in himself," that all that is required is a mere reference to them.—*Smith* vs. *Paysinger*, 2 Mill., 59; *Forrest* vs. *Tramwell*, 1 Bail., 77; *Reid* vs. *Stevenson*, 3 Rich., 67; *Gayle* vs. *Price*, 5 Rich., 526.

Here it was proved " that Lyles entered into possession of the land during the coverture and cultivated it about two years." Another principle, well settled and recognized in some of the cases just referred to, may well be applied in bar of the defense submitted. Although W. L. Pickett, through whom the appellants claim, did not hold by direct conveyance from Lyles, he accepted from Norton, on his purchase from Lyles, with the consent of the latter, a deed for the land, to which he knew Lyles held the title.

The appellants never can make out their title, should it be drawn in question, without connecting themselves with Lyles' right, and, claiming through it, they cannot be allowed to show that it was defective.

Neither can the other ground of appeal, to wit, that the unrecorded deed of Nelson to Lyles, if proved, was not sufficient to entitle the petitioner to recover against the purchaser of the land at Sheriff's sale, unaffected with notice, and whose deed was properly recorded in due time, be sustained. The dower of the wife is conferred by law, and is not dependent on the husband. Where he is seized of the legal title, for an instant, to his own use, the right of dower attaches, and can only be renounced in the mode provided by law. The failure by the husband to record his deed does not affect the right of the wife, if she survive him, to a claim which attaches by virtue of his *seizin* during the coverture. The recording of the deed under which the husband held is not an incident necessary to her right of dower. Mr. Justice Story, in his Equity Jurisprudence, Section 630, says: "It is admitted that dower is a mere legal right, and that a Court of Equity, in assuming concurrent jurisdiction with Courts of law upon the subject, professedly acts upon the legal right, for dower does not attach upon an equitable estate. In so acting the Court should proceed in analogy to the law, where such a plea of purchaser for a valuable consideration without notice would not be looked at, and therefore, as an equitable plea, it should also be inadmissible."

The motion is dismissed.

*Moses*, C. J., concurred.

WILLARD, A. J. The Circuit Judge was clearly wrong in admitting parol proof of the contents of the lost deed as the testimony relative to loss stood. The deed supposed to be lost was clearly traced to the possession of the defendant. The rule requiring the testimony of the person to whose possession the instrument alleged to be lost was last traced, is essential to due proof of loss, and is well established, and unless the defendant can bring himself within some of the recognized exceptions to it, her proof of loss must be regarded as insufficient to authorize a resort to parol proof of the contents of the deed.

*Perkins* vs. *Cobbett*, (1 Car. & Pay., 282,) recognizes and applies the rule in question. It is true that the rule as there applied did

not extend to the testimony of parties, for they were not at that time competent as witnesses, but it enforced it to the extent of rendering it necessary to produce the person last coming to the possession of the instrument, if that person is competent and capable of being produced as a witness. Now that parties are competent as witnesses, both in their own behalf and that of the opposite party, the reason of the rule embraces them. It is true, as contended, that *Cathcart* vs. *Gibson*, (2 Sp., 661,) turned on a question of hearing evidence, but that decision distinctly recognizes the authority of *Perkins* vs. *Cobbett*. *Cathcart* vs. *Gibson* is identical, in principle, with *Rese* vs. *Castleton*, (6 T. R., 236.)

The object of the rule is, in part, to prevent a secret act of concealment on the part of the person last in possession of it, as far as that can be done by subjecting such person to judicial scrutiny. The fact that a third person may have searched with the person last in possession without finding the instrument, although sufficiently proved, does not tend to show that it is not concealed by the act of such custodian. The reason of the rule applies with peculiar force where the person last possessed of the instrument is a party, for in that case a direct motive to conceal the instrument may exist.

It is contended that a demandant of dower is, through peculiar favor of the law, exempt from the operation of the rule.

It is clear that, when a demandant of dower is under the necessity of proving the existence and contents of a deed, she must conform to the rules of evidence relating to the making of such proofs. There is not a particle of authority for dispensing with them in her case. The object of these rules is to elicit the truth by the best and most available means, and this is as important in ascertaining the existence of a right to dower as of any other right.

*Smith* vs. *Paysinger* (2 Mill., 59,) has been referred to as authorizing a peculiar mode of proving title on the part of the demandant of dower, dispensing with the ordinary rules applicable to that subject. All that is decided in *Smith* vs. *Paysinger*, and by *Forrest* vs. *Tramwell*, (1 Bail., 77,) and *Reid* vs. *Stevenson*, (3 Rich., 66,) following it, is that, in making her case, she is entitled to rest on proof of mere possessory title in her husband during coverture. That puts the defendant to proof of title paramount as against the husband. If the defendant proves a paper title, and the demandant, in replying to it, is compelled to prove the existence

and contents of a deed, there is nothing, in either of those cases, exempting her from making such proofs, in accordance with the ordinary rules of evidence.

It has been contended that, ac3ording to *Smith* vs. *Paysinger*, the widow, not being the legal custodian of her husband's title deeds, is not bound to produce them. The rule requiring the person last possessed of a lost instrument to testify as to such fact does not depend upon the fact that the person thus possessed is the legal custodian of the instrument. That person may be the mere agent or servant of another in holding the instrument, as in *Perkins* vs. *Cobbett*, and yet the rule applies with full force.

As it regards the question of the effect upon the right of dower of the failure of her husband to record the deed by which it is alleged he derived *seizin* of the lands in which dower is claimed, although the charge of the Circuit Judge appears to have been placed on the fact of notice, yet the conclusion to which he arrived is sustained by a different view that may be taken of the question. It is not and cannot be disputed, assuming the existence of the deed claimed not to have been recorded, that the husband obtained *seizin* of the land at some time previous to the expiration of the time allowed by law for the recording of the deed. To this *seizin* the inchoate right of dower at once attached, and the act of the husband could not defeat such right. So neither could his default work such an effect. The estate of dower is created by operation of law, and once there being an adequate *seizin* in the husband during coverture, it attaches, and, having attached, cannot be destroyed by the act or neglect of the husband.

There should be a new trial.